IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00271-KDB-DCK

| | |
|---|---|
| THOMAS D. GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> CAROLINA BLANKETS INC., <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's *pro se* Amended Complaint. (Doc. No. 13). For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

On June 17, 2022, the Plaintiff filed a Complaint alleging violations of North Carolina state law and Title VII of the Civil Rights Act of 1964. (*See* Doc. No. 1). Specifically, the Plaintiff alleged that his employment at Carolina Blankets Inc. was terminated in retaliation for him reporting co-worker harassment and that there were "unequal terms and conditions" of his employment. The Plaintiff also claimed that Carolina Blankets Inc. "slandered" his name to a state government office. *Id*. The Defendant moved to dismiss the Complaint arguing that: (1) the Plaintiff did not allege he was "a member of any protected class;" (2) the complaint contained no facts constituting a discriminatory action taken because of Plaintiff's race or color; and (3) the Plaintiff did not allege the Defendant regularly employed fifteen or more employees. (*See* Doc. No. 4).

1

The Court denied the motion without prejudice and ordered the parties to conduct an Initial Settlement Conference and, if necessary, permitted the Plaintiff to file an amended complaint. (*See* Doc. No. 7). The parties failed to reach a settlement and the Plaintiff subsequently filed an Amended Complaint. (*See* Doc. No. 10). The Defendant now moves to dismiss the Amended Complaint arguing that it "sets forth no claims and no facts which could support a cause of action." (*See* Doc. No. 13). The matter is fully briefed and ripe for this Court's consideration.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 U.S. App. LEXIS 388, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th

511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

Even though the Court must liberally construe the *pro se* Amended Complaint and the Plaintiff is not required to prove his case in his pleadings, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Here, the Plaintiff's Amended Complaint does not contain any facts that could constitute a plausible claim for relief. The Amended Complaint is devoid of any discussion of the underlying allegations against the Defendant. Rather, it discusses the timing of the Initial Settlement Conference, the need for a "discovery order," and asks the Court to "move for [the Plaintiff] on all complaints filed." *See* Doc. No. 10. These statements, taken as true, do not come constitute any plausible claim for relief.

Moreover, in his Amended Complaint the Plaintiff appears to attempt to incorporate by reference his initial Complaint. However, an amended pleading supersedes the original pleading and divests it of any legal effect. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000))); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case

3

. . . ."). As a result, upon the filing of his Amended Complaint the Plaintiff's initial Complaint became inoperable and at this stage of the proceedings has no legal effect .[1]

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Plaintiff's *pro se* Amended Complaint, (Doc. No. 13), is **GRANTED**;

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED.**

Signed: February 1, 2023,

Kenneth D. Bell
United States District Judge

---

[1] Even if the Court considered the initial Complaint, the Court would still likely dismiss this matter. In his initial Complaint the Plaintiff failed to allege that the Defendant regularly employed fifteen (15) or more employees and therefore failed to allege that the Defendant was an "employer" within the meaning of Title VII. *See* 42 U.S.C. § 2000e(b) ("the term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."); *see also Depaoli v. Vacation Sales Assocs.*, L.L.C., 489 F.3d 615, 622 (4th Cir.2007); *Adler v. Anchor Funding Services, LLC*, No. 3:10cv515, 2011 WL 1843226 at *4 (W.D.N.C. May 16, 2011). Likewise, the Plaintiff's state law slander claim based on statements allegedly made to the North Carolina Department of Commerce, Division of Employment Security ("DES") is likely foreclosed by N.C. Gen. Stat. § 96-4(x)(5). *See Hartsell v. Duplex Products, Inc.*, 895 F.Supp. 100, 102 (W.D.N.C. 1995).